1   William H. Emer, Bar No. 53482
    WEmer@perkinscoie.com
2   Steven C. Gonzalez, Bar No. 191756
    SGonzalez@perkinscoie.com
3   **PERKINS COIE LLP**
    1620 26th Street
4   Sixth Floor, South Tower
    Santa Monica, CA 90404-4013
5   Telephone: 310.788.9900
    Facsimile: 310.788.3399
6
7   David R. Ongaro, Bar No. 154698
    DOngaro@perkinscoie.com
8   **PERKINS COIE LLP**
    Four Embarcadero Center
    Suite 2400
9   San Francisco, CA 94111-4131
    Telephone: 415.344.7000
10  Facsimile: 415.344.7050

11  Attorneys for Defendants
    Simpson Timber Company and Green Diamond
12  Resource Company

E-filing

CRB

13              UNITED STATES DISTRICT COURT

14              NORTHERN DISTRICT OF CALIFORNIA

15

16  JASON GRAY, on behalf of himself and        CV 07        5589
    others similarly situated,
                                                 No. _____
17
                        Plaintiff,               NOTICE OF REMOVAL OF CIVIL ACTION
18                                               FROM ALAMEDA COUNTY SUPERIOR
         v.                                      COURT UNDER 28 U.S.C. §§ 1332, 1441,
19                                               1446, 1453 (CLASS ACTION FAIRNESS
    GREEN DIAMOND RESOURCE                       ACT)
20  COMPANY; SIMPSON TIMBER
    COMPANY; and DOES 1 to 50, Inclusive,        [Superior Court Case No. RG07348848]
21
                        Defendants.
22

23

24

25

26

27

28

1    TO THE CLERK OF THE COURT AND TO ALL PARTIES AND THEIR ATTORNEYS OF

2    RECORD:

3         PLEASE TAKE NOTICE that Defendants Green Diamond Resource Company

4    ("GDRC") and Simpson Timber Company ("STC") hereby remove this action from the Alameda

5    County Superior Court to the United States District Court for the Northern District of California.

6              **COMMENCEMENT AND PENDENCY OF ACTION IN STATE COURT**

7         1.     Plaintiff Jason Gray ("Plaintiff") commenced this action by filing a Class Action

8    Complaint ("Complaint") in the Superior Court of California for Alameda County. A true and

9    correct copy of the Summons and Complaint are attached hereto as Exhibit A. The Superior Court

10   assigned this action Case No. RG07348848. Plaintiff served the Complaint and the Summons on

11   GDRC on October 4, 2007.

12        2.     GDRC never employed Plaintiff. Plaintiff's allegations reveal that he has named

13   and served the wrong entity, and that he in fact means to sue GDRC's subsidiary corporation,

14   California Redwood Company ("CRC"), which did employ Plaintiff.

15        3.     GDRC and STC filed their Answer and Affirmative Defenses in the Superior

16   Court on November 1, 2007. However, GDRC and STC nevertheless assert that service of the

17   Summons and Complaint on GDRC did not effect service as to STC (or, for that matter CRC). A

18   true and correct copy of GDRC's and STC's Answer and Affirmative Defenses is attached hereto

19   as Exhibit B. There have been no further proceedings in this action.

20                        **VENUE OF REMOVED ACTION**

21        4.     Pursuant to 28 U.S.C. § 1441(a), 1446(a), and 1453(b), any action over which the

22   district court has original jurisdiction pursuant to 28 U.S.C. § 1332(d) may be removed to the

23   Federal District Court for the district and division within which such action is pending. The action

24   being removed was filed and is pending in the California Superior Court of the County of

25   Alameda. Accordingly, this Notice of Removal is properly filed in the United States District

26   Court for the Northern District of California.

27

28

NOTICE OF REMOVAL OF CIVIL ACTION FROM ALAMEDA COUNTY SUPERIOR COURT (CAFA)

LEGAL13666188.1

**TIMELINESS OF REMOVAL**

5.    This Notice of Removal is filed with the Court within thirty days after GDRC was first served with a copy of the initial pleading in this action setting forth the claim for relief upon which such action or proceeding is based, and indicating the grounds for removal. STC has never been served with such pleading. The removal hereof is therefore timely pursuant to 28 U.S.C. § 1446(b).

**BASIS FOR REMOVAL:  DIVERSITY OF CITIZENSHIP**

**(CLASS ACTION FAIRNESS ACT)**

6.    Pursuant to 28 U.S.C. § 1332(d)(2), of the Class Action Fairness Act ("CAFA"), "[t]he district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000.00, exclusive of interest and costs, and is a class action in which—(A) any member of a class of plaintiffs is a citizen of a State different from any defendant … ." As set forth in greater detail below, Defendants remove this case pursuant to this provision.

**Diversity of Citizenship**

7.    Plaintiff's Complaint alleges that he and other employees similarly situated were subjected to violations of California law requiring the provision of meal breaks and payment of wages due at termination. (Compl. at 2:4-12; 3:5-13.) He alleges that Defendants' acts have had a direct effect on "those similarly situated within the State of California," (Compl. at 3:2-3), and that "Defendants employ(ed) plaintiff and similarly situated persons within California," (Compl. at 3:19-20). Indeed, Plaintiff seeks to represent a class of over 100 employees, (Compl. at 6:9-11), defined as "[a]ll persons who are employed or have been employed … as a [*sic*] hourly employee at [GDRC] and/or [STC] in the State of California since four (4) years prior to the filing of this action," (Compl. at 5:19-24). Therefore, at least one member of the proposed Plaintiff class is a citizen of California.

8.    Defendant GDRC is a Washington corporation with its principal place of business in Washington. (Compl. at 3:15-17; Declaration of Valery Williams ("Williams Decl.") ¶ 3.) Defendant STC is a Washington corporation with its principal place of business in Washington.

-3-

1    (Compl. at 3:17-19.) To the degree that it is relevant to this removal, CRC (GDRC's subsidiary

2    corporation against which Plaintiff transparently means to assert the claims he presently directs at

3    GDRC) is also a Washington corporation with its principal place of business in Washington.

4    (Williams Decl. ¶ 3.) GDRC, STC, and CRC are therefore all citizens of Washington. *See* 28

5    U.S.C. § 1332(c)(1).

6        9.    Pursuant to 28 U.S.C. § 1441(a), the residence of fictitious and unknown

7    defendants should be disregarded for purposes of establishing removal jurisdiction under 28

8    U.S.C. § 1332. *Fristos v. Reynolds Metals Co.*, 615 F.2d 1209, 1213 (9th Cir. 1980) (unnamed

9    defendants are not required to join in a removal petition). Thus, the existence of Doe Defendants

10    1 to 50, inclusive, is irrelevant.

11        10.    Because Defendants are incorporated and have their principal places of business

12    outside California, and one or more members of the proposed Plaintiff class is a citizen of

13    California, the minimal diversity requirement of 28 U.S.C. § 1332(d)(2)(A) is satisfied.

14        11.    There is no basis for the Court to refuse to exercise jurisdiction under

15    28 U.S.C § 1332(d)(3) or (d)(4). Along with the satisfaction of other applicable requirements, the

16    fact that no Defendant is incorporated or has its principal place of business within California is

17    sufficient to confer jurisdiction. 28 U.S.C. § 1332(d)(4)(A)(i)(II)(cc) and § 1332(d)(4)(B).

18    **Amount in Controversy**

19    <u>Meal Break Claims</u>

20        12.    Plaintiff alleges, among other things, that Defendants violated the California Labor

21    Code by not providing Plaintiff and the purported class with timely meal breaks of not less than

22    thirty minutes, (Compl. at 8:21-23), and that, consequently, Defendants violated California Labor

23    Code section 226.7 by not paying to the purported class an extra hour of premium wages for each

24    meal period that Defendants did not provide, (Compl. at 8:13-20; 18:24-27).

25        13.    In this regard, Plaintiff claims that

26        For at least four (4) years prior to the filing of this action and
        continuing to the present, ("meal break liability period"),
27        defendants have had a <u>consistent</u> policy of requiring hourly
        employees within the State of California, including plaintiff, to
28        work at least five (5) hours without an uninterrupted meal period

-4-

1       and failing to pay such employees one (1) hour of pay at the
2       employees' regular rate of compensation that the meal period is not
      provided or provided after five (5) hours ... .

3   (Compl. at 2:4-12 (emphasis added).)

4       14.    Similarly, Plaintiff alleges that

5       Plaintiff and the Class <u>consistently</u> worked over five (5) hour shifts.
6       Pursuant to the Code, plaintiff and the Class are entitled to a meal
      period of not less than thirty (30) minutes prior to exceeding five
7       (5) hours of employment. [¶] Defendants failed to provide plaintiff
      and others with timely meal breaks of not less than thirty (30)
8       minutes as required by the Labor Code during the relevant class
      period.

9   (Compl. at 8:15-23 (emphasis added).)

10   <u>Waiting Time Penalty Claims</u>

11       15.    In addition to the meal period claims, Plaintiff also asserts that "Defendants

12   willfully failed to provided all wages at the termination of [the Class's] employment with

13   defendants." (Compl. at 3:12-13.) Similarly, Plaintiff alleges that "Defendants' [*sic*] willfully

14   failed to pay wages when each employee quit or was discharged." (Compl. at 5:2-3.)

15       16.    Further to this claim, Plaintiff asserts that "[n]umerous members of the class

16   including the plaintiff are no longer employed by defendants. They were either fired or quit

17   defendants [*sic*] employ." (Compl. at 9:6-8.) "The defendant's [*sic*] failure to pay wages, as

18   alleged above was willful in that defendants and each of them knew wages to be due but failed to

19   pay them, thus entitling plaintiff and the class to penalties under Labor Code §203 ... ." (Compl.

20   at 9:9-12.) And

21       Defendants have failed to pay plaintiff and others a sum certain at
22       the time of termination or within seventy-two (72) hours of their
      resignation, and have failed to pay those sums for thirty (30) days
23       thereafter. Pursuant to the provisions of Labor Code §203, plaintiff
      is entitled to a penalty in the amount of plaintiff's and others daily
24       wage multiplied by thirty (30) days.

  (Compl. at 9:15-20 (emphasis added).)

25   <u>Claimed Treatment Common Throughout the Class</u>

26       17.    In order to assert class action jurisdiction, Plaintiff alleges that

27

28

-5-

1

2

> There are questions of fact and law common to the Class that predominate over any questions affecting only individual Class Members. These common questions of law and fact include …

3

4

5

> (1)    Whether defendants violated Labor Code §§226.7 and 512, IWC Wage Order 4-2001, or other applicable IWC Wage Orders by failing to provide meal periods on days they worked in excess of five (5) hours and failing to compensate said employees one (1) hours wages in lieu of meal periods;

6

7

> (2)    Whether defendants violated §§201-203 of the Labor Code by failing to pay compensation due and owing at the time that any Class member's employment with defendants terminated … .

8   (Compl. at 6:18-7:1.)

9          18.    The Complaint does not make a specific demand for damages. Under the CAFA,

10  where a complaint "fails to plead a specific amount of damages, the defendant seeking removal

11  'must prove by a preponderance of the evidence that the amount in controversy requirements

12  have been met.'" *Lowdermilk v. U.S. Bank Nat'l Assoc.*, 479 F.3d 994, 998 (9th Cir. 2007)

13  (quoting *Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 685 (9th Cir. 2006)). Based on the

14  allegations in Plaintiff's complaint set out above, and the calculations following below,

15  Defendants have clearly established by a preponderance of the evidence that this case involves an

16  amount in controversy greater than $5,000,000, as required by 28 U.S.C. § 1332(d)(2) and

17  1332(d)(6). By the statements contained in this Notice of Removal, Defendants <u>do not concede</u>

18  that Plaintiff and/or the putative class are entitled to any damages or penalties, including amounts

19  in excess of $5,000,000. Nevertheless, the aggregated <u>claims</u> of individual class members

20  establishes an amount "in controversy" in excess of $ 5,000,000, exclusive of interests and costs,

21  for the reasons set forth below.

22          <u>Calculation of Amount in Controversy</u>

23          19.    STC has been in the business of milling lumber. In or about January 2, 2007, STC

24  sold its California lumber manufacturing assets to CRC (then called "California Redwood

25  Acquisition Company"). (Williams Decl. ¶ 5.) In connection with that transaction, and by

26  agreement between STC and CRC, STC terminated its California Lumber Division workforce and

27  CRC offered employment to all of STC's employees from that division. (Williams Decl. ¶ 5.)

28  Thus, Defendants' calculations will reflect employees of STC and CRC within the class period.

NOTICE OF REMOVAL OF CIVIL ACTION FROM ALAMEDA COUNTY SUPERIOR COURT (CAFA)

LEGAL13666188.1

1    The calculations set forth herein, which establish an amount in controversy greater than

2    $5,000,000, are based solely upon the full-time, hourly employees.

3         20.    Plaintiff also alleges that Defendants violated Business and Professions Code

4    section 17200, et seq. That provision would effectively extend the limitations period in which

5    Plaintiff might seek to recover premium pay under Labor Code section 226.7 to a total of four

6    years—that is, from October 1, 2003, to September 30, 2007. *See Cortez v. Purolator Air*

7    *Filtration Prods Co.*, 23 Cal. 4th 163, 168-69, 177-79 (2000); *see also* Cal. Bus. & Prof. Code §

8    17208.

9         21.    From October 1, 2003, through September 30, 2004, hourly STC employees

10   (including union and nonunion hourly employees) worked for a total of 72,815 shifts of over 5

11   hours in length or over 12 hours in length. (Williams Decl. ¶ 16.) Applying Plaintiff's claim that

12   Defendant consistently denied full or timely lunches to its hourly employees, such that they

13   would each be entitled to one hour of premium pay under Labor Code section 226.7, the annual

14   premium pay entitlement for those hourly employees would be $1,232,382. (Williams Decl. ¶

15   16.)

16        22.    From October 1, 2004, through September 30, 2005, hourly STC employees

17   worked for a total of 79,772 shifts of over 5 hours in length or over 12 hours in length. (Williams

18   Decl. ¶ 17.) Applying Plaintiff's claim that Defendant consistently denied full or timely lunches

19   to its hourly employees, such that they would each be entitled to one hour of premium pay under

20   Labor Code section 226.7, the annual premium pay entitlement for those hourly employees would

21   be $1,360,917. (Williams Decl. ¶ 17.)

22        23.    From October 1, 2005, through September 30, 2006, hourly STC employees

23   worked for a total of 79,676 shifts of over 5 hours in length or over 12 hours in length. (Williams

24   Decl. ¶ 18.) Applying Plaintiff's claim that Defendant consistently denied full or timely lunches

25   to its hourly employees, such that they would each be entitled to one hour of premium pay under

26   Labor Code section 226.7, the annual premium pay entitlement for those hourly employees would

27   be $1,383,882. (Williams Decl. ¶ 18.)

28

NOTICE OF REMOVAL OF CIVIL ACTION FROM ALAMEDA COUNTY SUPERIOR COURT (CAFA)

LEGAL13666188.1

24. From October 1, 2006, through September 30, 2007, hourly STC and CRC employees worked for a total of 68,286 shifts of over 5 hours in length or over 12 hours in length. (Williams Decl. ¶ 19.) Applying Plaintiff's claim that Defendant consistently denied full or timely lunches to its hourly employees, such that they would each be entitled to one hour of premium pay under Labor Code section 226.7, the annual premium pay entitlement for those hourly employees would be $1,206,131. (Williams Decl. ¶ 19.)

25. Adding up all of these annual figures, the total premium pay amount that Plaintiff is claiming on behalf of hourly STC and CRC employees, from October 1, 2003, through September 30, 2007, is $5,183,311. (Williams Decl. ¶ 20.)

26. Pursuant to California Labor Code section 203, for each failure to pay an employee all wages owed at the time of departure, the employee is entitled to wages for each day the wages are withheld after separation, up to 30 days, subject to a three year statute of limitations. *See* Cal. Civ. Proc. Code § 338(a); *Mamika v. Barca*, 68 Cal. App. 4th 487, 492-94 (1998).

27. Plaintiff also alleges that all hourly STC and CRC employees who were employed from October 1, 2004, through September 30, 2007, but are no longer employed by STC or CRC are entitled to Labor Code section 203 waiting time penalties in an amount equal to thirty days of each employee's regularly daily wage; as a result, Plaintiff is claiming an additional $888,294 in this action. (Williams Decl. ¶ 21.)

28. Thus, the total amount in controversy, $6,071,605, (Williams Decl. ¶ 22), easily exceeds the $5,000,000 threshold required for CAFA jurisdiction.

29. Finally, Plaintiffs have also sought attorneys' fees pursuant to the Californian Labor Code. Where, as here, attorneys' fees are recoverable under the applicable state statute, reasonable attorneys' fees are properly included in the amount in controversy. *Lowdermilk, supra*, 479 F.3d at 1000; *Frazier v. Pioneer Americas LLC*, 455 F.3d 542, 545 (5th Cir. 2006); *Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005); *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998).

30.    Based on the above allegations, GDRC has established by a preponderance of the evidence an amount in controversy greater than $5,000,000.

### Size of the Proposed Class

34.    Plaintiff alleges that the class he seeks to represent comprises in excess of 100 employees. (Compl. at 6:9-11.) And as Plaintiff alleges, "[a]ccounting for employee turnover during the relevant periods necessarily increases this number substantially." (Compl. at 6:12-13.) Accordingly, 28 U.S.C. § 1332(d)(5)(B), which provides that the district courts shall not have jurisdiction over class actions in which "the number of members of all proposed plaintiff classes in the aggregate is less than 100," does not preclude jurisdiction over this action.

35.    Accordingly, all of the requirements for federal jurisdiction under 28 U.S.C. § 1332(d)(2) are satisfied, and removal of this action is proper under 28 U.S.C. §§ 1441, 1446, and 1453.

### STATE COURT PROCESS, PLEADINGS, AND ORDERS

31.    Pursuant to 28 U.S.C. § 1446(a), attached hereto are copies of all process, pleadings, and orders served on GDRC in this action to date.  Attached as Exhibit A hereto is a true and correct copy of Plaintiff's Complaint together with the Summons thereon. Attached as Exhibit B hereto is a true and correct copy GDRC's and STC's Answer and Affirmative Defenses. Attached as Exhibit C hereto are true and correct copies of Civil Case Cover Sheet and Civil Case Cover Sheet Addendum that were served with the Summons and Complaint.

### NOTICE OF REMOVAL

32.    Pursuant to 28 U.S.C. § 1446(d), GDRC and STC will promptly serve on Plaintiff and file with the Superior Court a "Notice of Filing of Notice of Removal to Federal Court." Pursuant to Federal Rule of Civil Procedure 5(d), GDRC and STC will also file with this Court a "Certificate of Service of Notice of Filing of Notice of Removal to Federal Court."

WHEREFORE, GDRC and STC respectfully requests that the above referenced state court action be removed to this Court, that this Court take such steps as are necessary to achieve the removal of this matter from the Alameda County Superior Court, and that this Court make

1   such other orders as may be appropriate to effect the preparation and filing of a true record in this

2   cause of all proceedings that may have been had in the state court action.

3

4   DATED: November 2, 2007                    PERKINS COIE LLP

5

6                                              By: _____

7                                                  David R. Ongaro,

8                                              Attorneys for Defendants
                                               Simpson Timber Company and Green
                                               Diamond Resource Company

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-10-

EXHIBIT A

19/01/2007  07:08  6169502563                    LAW OFFICES                        PAGE  03/16

## SUMMONS
### (CITACION JUDICIAL)

*10/4/07  2:47 PM*

SUM-100

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

GREEN DIAMOND RESOURCE COMPANY;
SIMPSON TIMBER COMPANY; and
DOES 1 to 50, Inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

JASON GRAY, on behalf of himself and others
similarly situated

| FOR COURT USE ONLY *(SOLO PARA USO DE LA CORTE)* |
|---|
| **FILED BY FAX** |
| **ALAMEDA COUNTY** |
| October 01, 2007 |
| **CLERK OF** |
| **THE SUPERIOR COURT** |
| By Robbi McIntosh, Deputy |

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff.  A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you.  If you cannot pay the filing fee, ask the court clerk for a fee waiver form.  If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante.  Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta.  Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas.  Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales.  Es recomendable que llame a un abogado inmediatamente.  Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados.  Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro.  Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

| The name and address of the court is: *(El nombre y dirección de la corte es):* | CASE NUMBER: *(Número del Caso):* **RG07348848** |
|---|---|

Superior Court, County of Alameda
1225 Fallon Street
P.O. Box 958
Oakland, CA 94612-4280
Northern Division

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
KINGSLEY & KINGSLEY, APC                          (818)  990-8300  FAX (818) 990-8300
GEORGE R. KINGSLEY, ESQ. SBN-38022
ERIC B. KINGSLEY, ESQ. SBN-185123
DARREN M. COHEN, ESQ. SBN-221938          16133 VENTURA BL., #1200, ENCINO, CA 91436

| DATE: *(Fecha)* October 01, 2007 | Clerk, by *Robbie McIntosh* *(Secretario)* | , Deputy *(Adjunto)* |
|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* Green Diamond Resurce Corp.

   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☒ by personal delivery on *(date):* 10/4/07

| | Page 1 of 1 |
|---|---|

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 (Rev. January 1, 2004)

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465

Legal Solutions Plus

10/01/2007  07:00  8189962903                   LAW OFFICES                        PAGE  04/16

| | |
|---|---|
| 1 | KINGSLEY & KINGSLEY, APC |
| | GEORGE R. KINGSLEY, ESQ.  SBN-38022 |
| 2 | ERIC B. KINGSLEY, ESQ.  SBN-185123 |
| | DARREN M. COHEN, ESQ.  SBN-221938 |
| 3 | ELANA R. LEVINE, ESQ.  SBN-234155 |
| | 16133 VENTURA BL., SUITE 1200 |
| 4 | ENCINO, CA 91436 |
| | (818) 990-8300, FAX (818) 990-2903 |

FILED BY FAX
ALAMEDA COUNTY
October 01, 2007
CLERK OF
THE SUPERIOR COURT
By Robbi McIntosh, Deputy
CASE NUMBER:
RG07348848

5

Attorneys for Plaintiffs

6

7

8                SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                        FOR THE COUNTY OF ALAMEDA

10

11   JASON GRAY, on behalf              )   CASE NO.:
     of himself and others             )
12   similarly situated,               )   CLASS ACTION COMPLAINT FOR:
                                        )
13              Plaintiff,             )   1.  Failure to Provide
                                        )       Meal Breaks Under
14        v.                            )       Labor Code §226.7
                                        )   2.  Penalties Pursuant to
15   GREEN DIAMOND RESOURCE COMPANY;    )       Labor Code §203
     SIMPSON TIMBER COMPANY; and        )   3.  Violation of Business &
16   DOES 1 to 50, Inclusive,          )       Professions Code §17200
                                        )
17              Defendants.            )
     _____)

18

19      Plaintiff JASON GRAY, on behalf of himself and all others

20   similarly situated, complain of defendants, and each of them, as

21   follows:

22                                    I

23                            INTRODUCTION

24      1.  This is a Class Action, pursuant to Code of Civil Procedure

25   §382, on behalf of plaintiff and all individuals who hold or held

26   the position of hourly employee who are employed by, or formerly

27   employed by GREEN DIAMOND RESOURCE COMPANY and/or SIMPSON TIMBER

28   COMPANY and any subsidiaries or affiliated companies doing business

                                     1

1  as "GREEN DIAMOND RESOURCE COMPANY" and/or "SIMPSON TIMBER COMPANY"

2  (hereinafter referred to as "defendants"), with the State of

3  California.

4      2.  For at least four (4) years prior to the filing of this

5  action and continuing to the present ("meal break liability

6  period"), defendants have had a consistent policy of requiring

7  hourly employees within the State of California, including

8  plaintiff, to work at least five (5) hours without an uninterrupted

9  meal period and failing to pay such employees one (1) hour of pay

10  at the employees' regular rate of compensation for each workday

11  that the meal period is not provided or provided after five (5)

12  hours, as required by California state wage and hour laws.

13      3.  Plaintiff, on behalf of himself and all Class Members, bring

14  this action pursuant to Labor Code §§201, 202, 203, 226.7, 512, and

15  California Code of Regulations, Title 8, Section 11060 seeking meal

16  breaks, penalties, injunctive and other equitable relief, and

17  reasonable attorneys' fees and costs.

18      4.  Plaintiff was all times relevant herein, an employee of

19  Defendants and brings this action as a class action on behalf of

20  himself and others similarly situated.

21      5.  Plaintiff, on behalf of himself and all Class Members,

22  pursuant to Business & Professions Code §§17200-17208, also seeks

23  injunctive relief, restitution, and disgorgement of all benefits

24  defendants enjoyed from their failure to pay proper compensation.

25                                  II

26                               PARTIES

27  A.  Plaintiffs

28      6.  Venue as to each defendant is proper in this judicial

                                    2

                          CLASS ACTION COMPLAINT

district, pursuant to <u>Code of Civil Procedure</u> §395.  The unlawful
acts alleged herein have a direct effect on plaintiff and those
similarly situated within the State of California.

7.  JASON GRAY is a resident of Washington.

8.  Plaintiff and the class were regularly required to work in
excess of five (5) hours per day without being provided a meal
period and not being compensated one (1) hour of pay at the regular
rate of compensation for each workday that a meal period was not
provided or provided after five (5) hours, all in violation of
California  labor  laws,  regulations,  and  Industrial  Welfare
Commission Wage Orders.

9.  Defendants willfully failed to provide all wages at the
termination of their employment with defendants.

B.  <u>Defendants</u>

10. Defendant GREEN DIAMOND RESOURCE COMPANY is a Washington
corporation, whose corporate mailing address is 1301 Fifth Avenue,
Suite 2700, Seattle, WA 98101-2613.  Defendant SIMPSON TIMBER
COMPANY is a Washington corporation, whose mailing address is 917
E. 11th St., Tacoma, WA 98421. Defendants employ(ed) plaintiff and
similarly situated persons within California

11. The  true  names  and  capacities,  whether  individual,
corporate, associate, or otherwise, of defendants sued herein as
DOES 1 to 50, inclusive, are currently unknown to plaintiff, who
therefore sues defendants by such fictitious names under <u>Code of
Civil Procedure</u> §474.  Plaintiff is informed and believes, and
based thereon alleges; that each of the defendants designated
herein as a DOE is legally responsible in some manner for the
unlawful acts referred to herein.  Plaintiff will seek leave of

3

1  court to amend this Complaint to reflect the true names and
2  capacities of the defendants designated hereinafter as DOES when
3  such identities become known.

4      12. Plaintiff is informed and believes, and based thereon
5  alleges, that each defendant acted in all respects pertinent to
6  this action as the agent of the other defendants, carried out a
7  joint scheme, business plan or policy in all respects pertinent
8  hereto, and the acts of each defendant are legally attributable to
9  the other defendants.  Furthermore, defendants in all respects
10 acted as the employer and/or joint employer of plaintiff and the
11 Class.

12                              III

13                     FACTUAL BACKGROUND

14     13. Plaintiff and the Class are, and at all times pertinent
15 hereto, have been non-exempt employees within the meaning of the
16 California Labor Code, and the implementing rules and regulations
17 of the IWC California Wage Orders.  Defendants hire employees who
18 work in the position of hourly employee.  These employees work on
19 a regular basis without receiving proper meal breaks.

20     14. During the meal period liability period, plaintiff and the
21 members of the proposed class were regularly required to work in
22 excess of five (5) hours per day without being provided a meal
23 period.

24     15. Defendants did not fully compensate the proposed class for
25 defendants' failure to provide meal periods during the meal period
26 liability period.

27     16. Defendants' requirement that plaintiff and the proposed
28 class work through meal periods without paying legal compensation

                               4

                    CLASS ACTION COMPLAINT

10/01/2007  07:00  8189982963    LAW OFFICES    PAGE  08/16

1   for failure to provide meal periods during the liability periods

2   was willful and deliberate.  Defendants' willfully failed to pay

3   wages when each employee quit or was discharged

4       17.  Defendants have failed to comply with Industrial Welfare

5   Commission ("IWC") Wage Order 6-2001(7) by failing to maintain time

6   records showing when the employee begins and ends each work period,

7   meal periods, and total daily hours worked by itemizing in wage

8   statements all deductions from payment of wages and accurately

9   reporting total hours worked by plaintiff and the members of the

10  proposed class.

11      18.  Plaintiff and the class are covered by California Industrial

12  Welfare Commission Occupational Wage Order No. 6-2001, California

13  Industrial Welfare Commission in No. 6 (Title 8 Cal. Code of Reg.

14  §§11060).

15                              IV

16                  CLASS ACTION ALLEGATIONS

17      19.  Plaintiff brings this action on behalf of himself and all

18  others similarly situated as a Class Action pursuant to §382 of the

19  Code of Civil Procedure.  Plaintiff seeks to represent a class

20  composed of and defined as follows:

21          (a)  All persons who are employed or have been
            employed, and who have worked one or more shifts as
22          a hourly employee at GREEN DIAMOND RESOURCE COMPANY
            and/or SIMPSON TIMBER COMPANY in the State of
23          California since four (4) years prior to the filing
            of this action.

24

25      20.  Plaintiff reserves the right under Rule 1855(b), California

26  Rules of Court, to amend or modify the class description with

27  greater specificity or further division into subclasses or

28  limitation to particular issues.

                              5

10/01/2007  07:00  8189902903    LAW OFFICES    PAGE  09/16

21. This action has been brought and may properly be maintained as a class action under the provisions of §382 of the Code of Civil Procedure because there is a well-defined community of interest in the litigation and the proposed Class is easily ascertainable.

A.  **Numerosity**

22. The potential members of the Class as defined are so numerous that joinder of all the members of the Class is impracticable. While the precise number of Class Members has not been determined at this time, plaintiff is informed and believes that defendants currently employ, and during the relevant time periods employed, over 100 hourly employees.

23. Accounting for employee turnover during the relevant periods necessarily increases this number substantially. Plaintiff alleges defendants' employment records would provide information as to the number and location of all Class Members. Joinder of all members of the proposed Class is not practicable.

B.  **Commonality**

24. There are questions of law and fact common to the Class that predominate over any questions affecting only individual Class Members. These common questions of law and fact include, without limitation:

(1)  Whether defendants violated Labor Code §§226.7 and 512, IWC Wage Order 4-2001, or other applicable IWC Wage Orders by failing to provide meal periods on days they worked in excess of five (5) hours and failing to compensate said employees one (1) hours wages in lieu of meal periods;

(2)  Whether defendants violated §§201-203 of the Labor Code by failing to pay compensation due and owing at the time that any

CLASS ACTION COMPLAINT

1   Class member's employment with defendants terminated;

2       (3)  Whether defendants violated §17200 et seq. of the

3   Business & Professions Code by engaging in the acts previously

4   alleged; and

5       (4)  Whether plaintiff and the members of the class are

6   entitled to equitable relief pursuant to Business & Professions

7   Code §17200, et. seq.

8   C.  **Typicality**

9   25.  The claims of the named plaintiff are typical of the claims

10  of the class.  Plaintiff and all members of the class sustained

11  injuries and damages arising out of and caused by defendants'

12  common course of conduct in violation of laws, regulations that

13  have the force and effect of law and statutes as alleged herein.

14  D.  **Adequacy of Representation**

15  26.  Plaintiff will fairly and adequately represent and protect

16  the interests of the members of the class.  Counsel who represents

17  plaintiff is competent and experienced in litigating large

18  employment class actions.

19  E.  **Superiority of Class Action**

20  27.  A class action is superior to other available means for the

21  fair and efficient adjudication of this controversy.  Individual

22  joinder of all Class Members is not practicable, and questions of

23  law and fact common to the Class predominate over any questions

24  affecting only individual members of the Class.  Each member of the

25  class has been damaged and is entitled to recovery by reason of

26  defendants' illegal policy and/or practice of denying class members

27  meal periods.

28  ///

7

28. Class action treatment will allow those similarly situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system. Plaintiffs are unaware of any difficulties that are likely to be encountered in the management of this action that would preclude its maintenance as a class action.

V

### FIRST CAUSE OF ACTION

### FAILURE TO PROVIDE MEAL BREAKS

### PURSUANT TO LABOR CODE §226.7

29. Plaintiff incorporates paragraphs 1 through 28 as though fully set forth herein.

30. Labor Code §226.7 requires an employer to pay an additional hour of compensation for each meal period the employer fails to provide. Employees are entitled to a meal period of a least thirty (30) minutes per five (5) hour work period. Plaintiff and the Class consistently worked over five (5) hour shifts. Pursuant to the Code, plaintiff and the Class are entitled to a meal period of not less than thirty (30) minutes prior to exceeding five (5) hours of employment.

31. Defendants failed to provide plaintiff and others with timely meal breaks of not less than thirty (30) minutes as required by the Labor Code during the relevant class period.

32. Pursuant to Labor Code §226.7, plaintiff is entitled to damages in an amount equal to one (1) hour of wages per missed meal break, as well as attorneys' fees and costs under Labor Code §218.5, in a sum to be proven at trial.

///

8

CLASS ACTION COMPLAINT

VI

## SECOND CAUSE OF ACTION

### WAITING TIME PENALTIES UNDER LABOR CODE §203

33.  Plaintiff incorporates paragraphs 1 through 32 as though fully set forth herein.

34.  Numerous members of the class including the plaintiff are no longer employed by defendants.  They were either fired or quit defendants employ.

35.  The defendant's failure to pay wages, as alleged above was willful in that defendants and each of them knew wages to be due but failed to pay them, thus entitling plaintiff and the class to penalties under Labor Code §203, which provides that an employee's wages shall continue as a penalty until paid for a period of up to thirty (30) days from the time they were due.

36.  Defendants have failed to pay plaintiff and others a sum certain at the time of termination or within seventy-two (72) hours of their resignation, and have failed to pay those sums for thirty (30) days thereafter.  Pursuant to the provisions of Labor Code §203, plaintiff is entitled to a penalty in the amount of plaintiff's and others daily wage multiplied by thirty (30) days.

VII

## THIRD CAUSE OF ACTION

### UNFAIR COMPETITION PURSUANT TO

### BUSINESS & PROFESSIONS CODE §17200

37.  Plaintiff incorporates paragraphs 1 through 36 as though fully set forth herein.

38.  This is a Representative Private Attorney General Action and Class Action for Unfair Business Practices.  JASON GRAY on his own

9

1  behalf and on behalf of the general public, and on behalf of others
2  similarly situated, bring this claim pursuant to Business &
3  Professions Code §17200, et seq.  The conduct of all defendants as
4  alleged in this Complaint has been and continues to be unfair,
5  unlawful, and harmful to plaintiff, the general public, and the
6  class.  Plaintiff seeks to enforce important rights affecting the
7  public interest within the meaning of Code of Civil Procedure
8  §1021.5.

9     39. Plaintiff is a "person" within the meaning of Business &
10  Professions Code §17204, and therefore has standing to bring this
11  cause of action for injunctive relief, restitution, and other
12  appropriate equitable relief.

13    40. Business & Profession Code §17200, et seq. prohibits
14  unlawful and unfair business practices.

15    41. Wage and hour laws express fundamental public policies.
16  Providing employees with proper compensation is a fundamental
17  public policy of this State and of the United States.  Labor Code
18  §90.5(a) articulates the public policies of this State to enforce
19  vigorously minimum labor standards, to ensure that employees are
20  not required or permitted to work under substandard and unlawful
21  conditions, and to protect law-abiding employers and their
22  employees from competitors who lower their costs by failing to
23  comply with minimum labor standards.

24    42. Defendants have violated statutes and public policies.
25  Through the conduct alleged in this Complaint, defendants, and each
26  of them, have acted contrary to these public policies, have
27  violated specific provisions of the Labor Code, and have engaged in
28  other unlawful and unfair business practices in violation of

10

---

CLASS ACTION COMPLAINT

1  Business & Profession Code §17200, et seq., depriving plaintiff,

2  and all persons similarly situated, and all interested persons of

3  rights, benefits, and privileges guarantees to all employees under

4  law.

5     43. Defendants' conduct, as alleged hereinabove, constitutes

6  unfair competition in violation of §17200 et. seq. of the Business

7  & Professions Code.

8     44. Defendants by engaging in the conduct herein alleged, by not

9  providing proper compensation, either knew or in the exercise of

10  reasonable care should have known that the conduct was unlawful.

11  As such it is a violation of §17200 et. seq. of the Business &

12  Professions Code.

13    45. As a proximate result of the above mentioned acts of

14  defendants, plaintiff and others similarly situated have been

15  damaged in a sum as may be proven.

16    46. Unless restrained by this Court, defendants will continue

17  to engage in the unlawful conduct as alleged above. Pursuant to

18  Business & Professions Code this Court should make such orders or

19  judgments, including the appointment of a receiver, as may be

20  necessary to prevent the use or employment, by defendants, their

21  agents or employees, of any unlawful or deceptive practice

22  prohibited by the Business & Professions Code, and/or, including

23  but not limited to, disgorgement of profits which may be necessary

24  to restore plaintiff and the class members to the money defendants

25  have unlawfully failed to pay.

26  ///

27  ///

28  ///

11

CLASS ACTION COMPLAINT

10/01/2007  07:00  8189982903              LAW OFFICES                        PAGE  15/16

## RELIEF REQUESTED

WHEREFORE, plaintiff prays for the following relief:

1.   For compensatory damages in the amount of plaintiff's and each class member's hourly wage for each meal period missed or taken late from at least four (4) years prior to the filing of this action to the present as may be proven;

2.   For penalties pursuant to Labor Code §203 for all employees who were terminated or resigned equal to their daily wage times thirty (30) days;

3.   An award of prejudgment and post judgment interest;

4.   An order enjoining defendant and its agents, servants, and employees, and all persons acting under, in concert with, or for it from providing plaintiffs with proper breaks pursuant to Labor Code §§226.7, 512, and IWC 6-2001;

5.   For restitution for unfair competition pursuant to Business & Professions Code §17200, including disgorgement or profits, in an amount as may be proven;

6.   An award providing for payment of costs of suit;

7.   An award of attorneys' fees; and

8.   Such other and further relief as this Court may deem proper and just.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands trial of his claims by jury to the extent authorized by law.

Dated: September 28, 2007          KINGSLEY & KINGSLEY, APC

                                   By: _____
                                       DARREN M. COHEN
                                       ATTORNEY FOR PLAINTIFFS

12

CLASS ACTION COMPLAINT

EXHIBIT B

1   William H. Emer, Bar No. 53482
    WEmer@perkinscoie.com
2   Steven C. Gonzalez, Bar No. 191756
    SGonzalez@perkinscoie.com
3   **PERKINS COIE** LLP
    1620 26th Street
4   Sixth Floor, South Tower
    Santa Monica, CA 90404-4013
5   Telephone: 310.788.9900
    Facsimile: 310.788.3399
6
    David R. Ongaro, Bar No. 154698
7   DOngaro@perkinscoie.com
    **PERKINS COIE** LLP
8   Four Embarcadero Center
    Suite 2400
9   San Francisco, CA 94111-4131
    Telephone: 415.344.7000
10  Facsimile: 415.344.7050

11  Attorneys for Defendants
    Simpson Timber Company and Green Diamond
12  Resource Company

13          SUPERIOR COURT OF THE STATE OF CALIFORNIA

14                    COUNTY OF ALAMEDA

15

16  JASON GRAY, on behalf of himself and          No. RG07348848
    others similarly situated,
17                                                 ANSWER AND AFFIRMATIVE DEFENSES
                      Plaintiff,                   OF DEFENDANTS GREEN DIAMOND
18                                                 RESOURCE COMPANY AND SIMPSON
           v.                                      TIMBER COMPANY; DEMAND FOR JURY
19                                                 TRIAL
    GREEN DIAMOND RESOURCE
20  COMPANY; SIMPSON TIMBER
    COMPANY; and DOES 1 to 50, Inclusive,
21
                      Defendants.                  BY FAX
22

23

24

25

26

27

28

---

ANSWER AND AFFIRMATIVE DEFENSES; DEMAND FOR JURY TRIAL
LEGAL13693318.1

ENDORSED
FILED
ALAMEDA COUNTY

NOV - 1 2007

CLERK OF THE SUPERIOR COURT
By _Barbara LaMotte_
                    Deputy

1    Defendants, Green Diamond Resource Company ("GDRC") and Simpson Timber

2    Company ("STC") (together, "Defendants"), for themselves alone and for no other, and despite

3    Plaintiff's failure to serve STC, hereby answer the unverified Complaint of Plaintiff, as follows:

4         1.    Pursuant to Section 431.30(d) of the California Code of Civil Procedure,

5    Defendants deny, both generally and specifically, each and every allegation contained in the

6    unverified Complaint, and the whole thereof, and further deny that Plaintiff was damaged in the

7    manner or sum alleged, or in any other manner or sum whatsoever or at all.

8                              **AFFIRMATIVE DEFENSES**

9         As and for their affirmative defenses herein, Defendants allege as follows:

10                           **FIRST AFFIRMATIVE DEFENSE**

11                            **(Failure To State A Claim)**

12        2.    The Complaint, and each purported cause of action thereof, fails to state facts

13   sufficient to constitute a cause of action against any of the Defendants.

14                          **SECOND AFFIRMATIVE DEFENSE**

15                           **(Statute Of Limitations)**

16        3.    Defendants are informed and believe that Plaintiff's claims, and each of them, are

17   barred by applicable statutes of limitations contained in California Code of Civil Procedure

18   sections 335.1, 337, 338(a), 339 and 340(a) and/or (b).

19                           **THIRD AFFIRMATIVE DEFENSE**

20        **(Failure To Exhaust Administrative And Contractual Remedies)**

21        4.    Defendants are informed and believe that the Complaint, and each purported cause

22   of action thereof, is barred and/or mitigated because Plaintiff failed to exhaust his administrative,

23   employment and contractual remedies.

24                          **FOURTH AFFIRMATIVE DEFENSE**

25                             **(Hours Worked)**

26        5.    Defendants are informed and believe that the Complaint, and each cause of action

27   contained therein, is barred because time that Plaintiff alleges was not compensated did not

28

-2-

1    constitute "hours worked" within the meaning of the California Labor Code, the California Code

2    of Regulations, and California Industrial Welfare Commission Wage Orders.

3                              **FIFTH AFFIRMATIVE DEFENSE**

4                    **(Failure to Observe Company Policies and Directives)**

5            6.        To the extent Plaintiff did not properly take his meal periods, or was not properly

6    compensated for working during his meal periods, such was in direct contravention to explicit and

7    repeated directions of his employer that Plaintiff not work during such hours, and notwithstanding

8    explicit company policies and/or practices that employees take all allowable meal periods

9    provided by law.

10                             **SIXTH AFFIRMATIVE DEFENSE**

11                           **(No Employment Relationship)**

12           7.        The Complaint, and each purported cause of action directed against Defendant

13   GDRC, is barred because during the past four years, Plaintiff has never been an employee of

14   GDRC.

15                            **SEVENTH AFFIRMATIVE DEFENSE**

16                                   **(Unclean Hands)**

17           8.        The Complaint, and each purported claim for relief contained therein, is barred by

18   Plaintiff's own unclean hands and inequitable conduct.

19                             **EIGHTH AFFIRMATIVE DEFENSE**

20                        **(Waiver, Release And Estoppel)**

21           9.        Plaintiff's claims, and each of them, are barred by the doctrines of waiver, release

22   and/or estoppel.

23                              **NINTH AFFIRMATIVE DEFENSE**

24                                       **(Laches)**

25           10.       The Complaint, and each purported claim thereof, is barred by the doctrine of

26   laches.

27

28

-3-

1

**TENTH AFFIRMATIVE DEFENSE**

2

**(Failure To Mitigate)**

3        11.    Defendants are informed and believe that Plaintiff failed to exercise due diligence

4    to mitigate his alleged losses, injuries, or damages and failed to avoid same by timely availing

5    himself of remedies and procedures specified by his employer; accordingly the amount of

6    damages to which Plaintiff may be entitled, if any, should be reduced by the amount of damages

7    that would otherwise have been mitigated.

8

**ELEVENTH AFFIRMATIVE DEFENSE**

9

**(Avoidable Consequences)**

10        12.    The claims of Plaintiff and the putative plaintiff class are barred and/or mitigated

11    by the doctrine of avoidable consequences.

12

**TWELFTH AFFIRMATIVE DEFENSE**

13

**(Constitutional Due Process)**

14        13.    The purported class claims of Plaintiff, if tried upon or with so-called

15    representative evidence, would violate the procedural and substantive Due Process clauses of the

16    state and federal Constitutions.

17

**THIRTEENTH AFFIRMATIVE DEFENSE**

18

**(Duty to Provide, Not Ensure)**

19        14.    The meal break claims of the named Plaintiff and the putative Plaintiff class fail

20    because and to the degree that his employer authorized and allowed such meal breaks, as Labor

21    Code section 226.7 does not require an employer to ensure that such break periods are, in fact,

22    taken; rather, Plaintiff's employer acted in good faith, in accord with its duty, to provide such

23    breaks.

24

**FOURTEENTH AFFIRMATIVE DEFENSE**

25

**(Duty to Provide During Shift, Not First Five Hours)**

26        15.    The meal break claims of the named Plaintiff and the putative Plaintiff class fail to

27    the degree that they rest on Plaintiff's claim that a meal break was provided only after five hours

28

-4-

1   of work, in that Labor Code section 226.7 does not require that employee meal break periods be

2   taken within the first five hours of work.

### FIFTEENTH AFFIRMATIVE DEFENSE

### (Class Treatment Inappropriate)

16.     The claims alleged are inappropriate for class action treatment since none provide

a well defined community of interest among alleged class members, and do not involve a

predominance of common factual and/or legal issues. Moreover, the named Plaintiff herein is an

inadequate representative for the proposed class, and class action status is not a superior method

for the adjudication of the claims raised herein.

### SIXTEENTH AFFIRMATIVE DEFENSE

### (No Waiting Time Penalties)

17.     At all times herein, Plaintiff's employer did not intentionally fail to pay wages that

it believed, in good faith, were due and owing to any former employees. Moreover, the defenses

raised herein create a situation where said defenses, if successful, would preclude any recovery by

Plaintiff and/or the putative class.

### SEVENTEENTH AFFIRMATIVE DEFENSE

### (No Unfair Competition)

18.     Without admitting the allegations of the Complaint, Defendants allege that

Plaintiff's claims are barred in that the alleged practices did not occur and are not unfair in any

event, the public would not likely be deceived by the alleged practices, Defendants would gain no

competitive advantage by such alleged practices, and the benefits of the alleged practices

outweigh any harm or other impact they may cause.

### EIGHTEENTH AFFIRMATIVE DEFENSE

### (No Unlawful Business Practices)

19.     Plaintiff's claims are barred, in whole or in part, because Defendants' business

practices were not and are not "unlawful."

-5-

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## NINETEENTH AFFIRMATIVE DEFENSE

### (No Penalties Recoverable Under UCL)

20.    Neither Plaintiff nor members of the putative class may recover penalties pursuant to California Business and Professions Code section 17200, et seq. ("UCL "), as the UCL does not allow recovery of penalties.

## TWENTIETH AFFIRMATIVE DEFENSE

### (Unconstitutionality)

21.    The Complaint's individual and/or putative class claims that seek the imposition of penalties that are grossly disproportional to any purported harm are unconstitutional in that such relief violates the Due Process and/or Excessive Fines clauses of both federal and state Constitutions.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Election of Remedies)

22.    Plaintiff elected his remedies by filing and pursuing claims with the Labor Commissioner, and therefore may not pursue such claims in this Court.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (Merger and Bar)

23.    The allegations herein of Plaintiff merge with, and are barred by, those claims he filed and pursued with the Labor Commissioner.

WHEREFORE, Defendants pray as follows:

1.    That Plaintiff take nothing by his Complaint;

2.    That judgment be entered in favor of Defendants;

3.    That Defendants recover their costs and expenses incurred herein; and

/ / /

/ / /

/ / /

/ / /

ANSWER AND AFFIRMATIVE DEFENSES; DEMAND FOR JURY TRIAL
LEGAL13693318.1

1    4.  For such other and further relief as the Court deems just and proper.

2 DATED:  November 1, 2007      PERKINS COIE LLP

3

4               By: _____
                 David R. Ongaro

5               Attorneys for Defendants
               Simpson Timber Company and Green

6               Diamond Resource Company

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ANSWER AND AFFIRMATIVE DEFENSES; DEMAND FOR JURY TRIAL
LEGAL13693318.1

1

### DEMAND FOR JURY TRIAL

2      Defendants Simpson Timber Company and Green Diamond Resource Company hereby

3   demand a trial by jury in the above-entitled matter.

4   DATED:  November 1, 2007                        PERKINS COIE LLP

5

6                                                   By: _____
                                                        David R. Ongaro,
7
                                                    Attorneys for Defendants
8                                                   Simpson Timber Company and Green
                                                    Diamond Resource Company

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-8-

ANSWER AND AFFIRMATIVE DEFENSES; DEMAND FOR JURY TRIAL

LEGAL13693318.1

1

## PROOF OF SERVICE BY MAIL

2      I am a citizen of the United States and employed in 0 County, California. I am over the

3  age of eighteen years and not a party to the within-entitled action. My business address is Four

4  Embarcadero Center, Suite 2400, San Francisco, California  94111-4131. I am readily familiar

5  with this firm's practice for collection and processing of correspondence for mailing with the

6  United States Postal Service. On November 1, 2007, I placed with this firm at the above address

7  for deposit with the United States Postal Service a true and correct copy of the within

8  document(s):

9        **ANSWER AND AFFIRMATIVE DEFENSES OF**
          **DEFENDANTS GREEN DIAMOND RESOURCE COMPANY**
10        **AND SIMPSON TIMBER COMPANY; DEMAND FOR JURY**
          **TRIAL**
11
   in a sealed envelope, postage fully paid, addressed as follows:
12
13        George R. Kingsley, Esq.            *Attorneys for Plaintiffs*
          Eric B. Kingsley, Esq.
14        Darren M. Cohen, Esq.
          Elana R. Levine, Esq.
15        KINGSLEY & KINGSLEY, APC
          16133 Venture Blvd., Suite 1200
16        Encino, CA   91436
          Phone: (818) 990-8300
17        Fax: (818) 990-2903

18      Following ordinary business practices, the envelope was sealed and placed for collection

19  and mailing on this date, and would, in the ordinary course of business, be deposited with the

20  United States Postal Service on this date.

21      I declare under penalty of perjury under the laws of the State of California that the above

22  is true and correct.

23      Executed on November 1, 2007, at San Francisco, California.

24

25

26                                    Sheila M. Merrill

27
                                    - 9 -
28
   ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANTS GREEN DIAMOND RESOURCE COMPANY
   AND SIMPSON TIMBER COMPANY; DEMAND FOR JURY TRIAL
   39733-0026/LEGAL13699126.1