1 Eric B. Kingsley, Bar No. 185123
  eric@kingsleykingsley.com
2 **Kingsley & Kingsley, APC**
  16133 Ventura Blvd. #1200
3 Encino, CA 91436
  Tel: 818.990.8300; Fax: 818.990.2903
4
  Attorneys for Plaintiff
5 Jason Gray

6 David R. Ongaro, Bar No. 154698
  DOngaro@perkinscoie.com
7 **PERKINS COIE** LLP
  Four Embarcadero Center, Suite 2400
8 San Francisco, CA 94111-4131
  Tel: 415.344.7000; Fax: 415.344.7050
9
  William H. Emer, Bar No. 53482
10 WEmer@perkinscoie.com
  Steven C. Gonzalez, Bar No. 191756
11 SGonzalez@perkinscoie.com
  **PERKINS COIE** LLP
12 1620 26th Street
  Sixth Floor, South Tower
13 Santa Monica, CA 90404-4013
  Tel: 310.788.9900; Fax: 310.788.3399
14
  Attorneys for Defendants
15 California Redwood Company and Simpson Timber
  Company
16

17              UNITED STATES DISTRICT COURT

18            NORTHERN DISTRICT OF CALIFORNIA

19

20 JASON GRAY, on behalf of himself and      Case No. CV 07-05589 CRB
   others similarly situated,
21                                            **JOINT INITIAL CASE MANAGEMENT
                   Plaintiff,                 CONFERENCE STATEMENT**
22
            v.                                DATE:   February 15, 2008
23                                            TIME:   9:00 a.m.
   CALIFORNIA REDWOOD COMPANY;                CRTM:   8
24 SIMPSON TIMBER COMPANY; and
   DOES 1 to 50, Inclusive,
25
                   Defendants.
26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# I

## JURISDICTION AND SERVICE

This Court has jurisdiction of this action pursuant to 28 U.S.C. § 1332(d)(2), the Class Action Fairness Act ("CAFA"), which provides, in relevant part, "[t]he district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000.00, exclusive of interest and costs, and is a class action in which—(A) any member of a class of plaintiffs is a citizen of a State different from any defendant … ." As set out in Defendants' Notice of Removal herein, Plaintiffs' claims, if taken as true (for this purpose only) and aggregated together, exceed $5,000,000.00. Moreover, there is minimal diversity of citizenship among the parties and no Defendant is a citizen of California.

No issues exist as to personal jurisdiction or venue. All parties have been served. By agreement of the parties, California Redwood Company has been substituted as a Defendant in place and stead of Green Diamond Resource Company, and stands in its shoes.

# II

## FACTS/LEGAL ISSUES

The original Complaint was filed on October 1, 2007. Thereafter, a First Amended Complaint was filed. Plaintiff Jason Gray, on behalf of himself and purportedly on behalf of a class of employees who worked for Defendant from four years prior to the filing of the action to the present, is represented by Kingsley & Kingsley, APC, by Eric B. Kingsley. Plaintiff alleges causes of action for failure to provide meal breaks or

compensation in lieu thereof, waiting time penalties pursuant to California Labor Code section 203, penalties pursuant to Labor Code section 2699, and violation of Business and Professions Code Section 17200.

Labor Code section 512 requires that all employees who work a shift in excess of five (5) hours be given a thirty (30) minute unpaid meal break. For each meal break that was not provided to employees of Defendant, an additional hour of pay may be imposed to be paid to that employee pursuant to Labor Code section 226.7. Plaintiff contends Defendant did not comply with the provision. Defendant denies this contention.

In addition, Labor Code section 203 provides for additional potential penalties for those employees who are no longer working for Defendants, if the wages that were required to be paid were willfully withheld. Plaintiff contends that waiting time penalties pursuant to Labor Code section 203 are justified. Defendant contends that it paid all former employees all wages due to them under applicable law, and that, even if it failed in any respect to do so, such failure was not willful, so that no section 203 penalties are appropriate. Labor Code section 2699, the Labor Code Private Attorneys General Act ("PAGA"), provides plaintiffs with a private right of action to recover certain civil penalties that could otherwise be collected by the state. Plaintiff contends that such penalties are appropriately assessed for Plaintiff's aforementioned causes of action, and Plaintiff seeks to recover such penalties under the PAGA.

Additionally, Plaintiff has alleged a cause of action under Business and Professions Code section 17200, in that Plaintiff alleges that the conduct of Defendants would be considered unfair competition.

Defendant disputes these allegations, and contends that it provided its employees with meal breaks in accord with California law. As such, no premium wage would be owed to its employees, and Defendant would not be liable for penalties to any employee or former employee, or to the state.

Defendant further contends that this action is not suitable to class determination, in that each individual employee's claim not to have been provided a meal break would require an individualized fact inquiry and would depend on unique circumstances.

## III

## ANTICIPATED MOTIONS/CLASS CERTIFICIATION

Plaintiff will bring a motion for class certification, after additional discovery is conducted (see below for proposed briefing schedule of the certification motion).

Defendants anticipate bringing a motion for summary judgment or summary adjudication of issues.

## IV

## AMENDMENT OF PLEADINGS

The parties propose a deadline of March 31, 2008, for amendment of the pleadings.

## V

## EVIDENCE PRESERVATION

Promptly upon learning of this action, Defendant issued instructions to its managers and other relevant personnel to preserve relevant work time records, as well as other related and relevant records and documents, throughout the purported class period, whether in electronic or physical form.

-3-
JOINT INITIAL CASE MANAGEMENT
CONFERENCE STATEMENT

1

## VI

2

## DISCLOSURES

3

4
All necessary disclosures will be made by February 15, 2008, as agreed by the

5
parties.

6

## VII

7

## DISCOVERY/CLASS ISSUES

8

9
In the next few months, the parties will be conducting written discovery. Plaintiff

10
intends to take the deposition of Defendant's person most knowledgeable regarding meal

11
breaks. Plaintiff does not wish to limit discovery mechanisms prior to its motion for class

12
certification, but the parties have agreed that pre-certification discovery will be limited to

13

14
certification issues, and merit-based discovery will be deferred until after hearing on the

15
certification motion.

16
The parties propose the following deadlines:

17
- Plaintiff's class certification motion shall be filed by August 1, 2008;

18

19
- Defendants' opposition to the class certification motion shall be filed by

20
October 24, 2008;

21
- Plaintiff's reply brief shall be filed by November 14, 2008;

22

23
- The Court will hear the certification motion on a date convenient to the

24
Court's calendar in December 2008.

25

## VIII

26

## RELATED CASES

27
The parties are unaware of any related cases.

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## IX

### RELIEF SOUGHT

Plaintiff seeks compensatory damages in the amount of Plaintiff's and each class member's hourly wage for each meal period missed or taken late from at least four (4) years prior to the filing of this action to the present as may be proven, penalties pursuant to Labor Code section 203 for all employees who were terminated or resigned equal to their daily wage times thirty (30) days.

Plaintiff also seeks an award of prejudgment and post judgment interest, an order enjoining Defendant and its agents, servants, and employees, and all persons acting under, in concert with, or for it from not providing Plaintiffs with proper breaks pursuant to Labor Code sections 226.7 and 512, and IWC Wage Order 6-2001, an award of penalties and other relief pursuant to Labor Code section 2699, restitution for unfair competition pursuant to Business and Professions Code section 17200, including disgorgement or profits, costs of suit, and attorneys' fees.

After discovery regarding pay rates and the number of class members, Plaintiff will be in a better position to calculate damages to the Plaintiff and the putative class.

## X

### SETTLEMENT AND ADR

The parties are amenable for an ADR process to be completed within 180 days, as the Court has ordered.  The parties agree to submit to private mediation.

## XI

## MAGISTRATE JUDGE

The parties do not consent to the utilization of a magistrate judge.

## XII

## OTHER REFERENCES

This case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

## XIII

## NARROWING OF ISSUES

The parties are unable to narrow issues at this time.

## XIV

## EXPEDITED SCHEDULE

This type of case cannot be handled on an expedited basis.

## XV

## SCHEDULING/TRIAL

As noted above in Section VII, the parties propose the following deadlines:

- Plaintiff's class certification motion shall be filed by August 1, 2008;

- Defendants' opposition to the class certification motion shall be filed by October 24, 2008;

- Plaintiff's reply brief shall be filed by November 14, 2008;

- The Court will hear the certification motion on a date convenient to the Court's calendar in December 2008.

Thereafter, presuming that the case continues after the class certification motion, the parties propose the following additional dates:

- Defendants' motion for summary judgment or adjudication of issues shall be filed and served no later than November 14, 2009;

- Plaintiff's opposition to Defendants' motion for summary judgment or adjudication of issues shall be filed and served no later than December 1, 2009;

- Defendants' reply brief shall be filed and served no later than December 8, 2009;

- The Court will hear the motion for summary judgment or adjudication of issues at a time convenient to the Court's calendar in December 2009.

Provided that the action continues after the Court rules on Defendants' motion for summary judgment or adjudication of issues, the parties propose that expert witnesses be designated within twenty-one days after the Court issues its ruling on the motion for summary judgment or adjudication of issues. Further, provided that the action continue, the parties request that the Court set a brief Case Management Conference to address the trial date and final pretrial issues. The trial date depends on the certification motion, and what causes of action remain after certification.

## XVI

## DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS

The parties have filed the "Certification of Interested Entities or Persons", as required by Civil Local Rule 3-16. Plaintiff does not know of any entity that has a

financial interest in the subject matter in controversy or in a party to the proceeding, or any other kind of interest that could be substantially affected by the outcome of the proceeding.

Pursuant to Civil Local Rule 3-16, Defendant certifies that the following listed persons, associations of persons, firms, partnerships, corporations (including parent corporations) or other entities (i) have a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) have a non-financial interest in that subject matter or in a party that could be substantially affected by the outcome of this proceeding:

Green Diamond Resource Company; Simpson Timber Company; and California Redwood Company.

## XVII

## OTHER MATTERS THAT MAY FACILITATE THE JUST, SPEEDY AND INEXPENSIVE DISPOSITION OF THIS MATTER

The parties are unaware of such matters at this time.

KINGSLEY & KINGSLEY, APC

DATED: _____, 2008    By: _____
                                     Eric B. Kingsley
                                 Attorneys for Plaintiff

DATED: _____, 2008    PERKINS COIE LLP

                                 By: _____
                                     Steven C. Gonzalez
                                 Attorneys for Defendants
                                 California Redwood Company and
                                 Simpson Timber Company