1 | David R. Ongaro, Bar No. 154698
DOngaro@perkinscoie.com
**PERKINS COIE LLP**
Four Embarcadero Center, Suite 2400
San Francisco, CA 94111-4131
Tel: 415.344.7000; Fax: 415.344.7050

William H. Emer, Bar No. 53482
WEmer@perkinscoie.com
Steven C. Gonzalez, Bar No. 191756
SGonzalez@perkinscoie.com
**PERKINS COIE LLP**
1620 26th Street, Sixth Floor, South Tower
Santa Monica, CA 90404-4013
Tel: 310.788.9900; Fax: 310.788.3399

Attorneys for Defendants
California Redwood Company and Simpson Timber Company

Eric B. Kingsley, Bar No. 185123
eric@kingsleykingsley.com
**Kingsley & Kingsley, APC**
16133 Ventura Blvd #1200
Encino, CA 91436
Tel: 818.990.8300; Fax: 818.990.2903

Attorneys for Plaintiff
Jason Gray

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON GRAY, on behalf of himself and others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CALIFORNIA REDWOOD COMPANY; SIMPSON TIMBER COMPANY; and DOES 1 to 50, Inclusive,<br><br>Defendants. | No. CV 07-05589 CRB<br><br>JOINT REPORT PURSUANT TO FED. R. CIV. P. 26(F)<br><br>[Superior Court Case No. RG07348848] |

Defendants California Redwood Company and Simpson Timber Company (together, "Defendants") and Plaintiff Jason Gray ("Plaintiff") hereby submit this joint report pursuant to Rule 26(f) of the Federal Rules of Civil Procedure (concurrently submitted herewith is the parties' Joint Case Management Conference Statement, addressing the matters so ordered by the Court). Counsel for the parties held a telephonic meeting and conference on January 30, 2008, at which Plaintiff was represented by Eric B. Kingsley, of Kingsley & Kingsley, APC, and Defendants were represented by David R. Ongaro, of Perkins Coie LLP.

## I.   CHANGES TO INITIAL DISCLOSURES [Rule 26(f)(3)(A)]

The parties have agreed to make their initial disclosures, as ordered by the Court, on or before February 15, 2008.

## II.   DISCOVERY ISSUES, TIMING, AND PHASING [Rule 26(f)(3)(B)]

The parties propose that discovery be limited to issues pertinent to class certification, and not reach the merits of Plaintiff's claims, until after the Court's ruling, in or around December 2008, on Plaintiff's anticipated class certification motion. As such, the parties request that discovery be phased, with certification discovery constituting the first phase, and merits discovery constituting the second phase. The parties propose that each such phase be subject separately to the numerical limitations on discovery set out in the Federal Rules of Civil Procedure (e.g., that pursuant to Rule 33(a)(1), each party be allowed to serve twenty-five interrogatories as to certification, and then a further twenty-five interrogatories as to the merits).

## III.   ELECTRONICALLY STORED DATA ISSUES [Rule 26(f)(3)(C)]

Where electronically stored information is requested, the parties will, where practicable, provide such data in native format. Where such electronically stored information is produced, and should the recipient not be able to access the information, the producing party will provide any required passwords and otherwise cooperate in assisting the recipient to read and sort the data.

## IV.   PRIVILEGE AND PROTECTION ISSUES [Rule 26(f)(3)(D)]

Apart from potential trade secret problems and third party privacy and confidentiality issues regarding past and present employees of Defendants, the parties do not anticipate

significant privilege problems. The parties will work together to resolve any such issues, including, if necessary, a proposed stipulated protective order relating to confidentiality.

## V.  CHANGES TO LIMITATIONS ON DISCOVERY [Rule 26(f)(3)(E)]

Other than as stated above, the parties have not reached any agreements resulting in discovery limits different from the Federal Rules of Civil Procedure or this Court's Local Rules.

Defendants contend that ten seven-hour depositions per side are more than adequate, and that no relief from the federal rules limitations on the number of interrogatories is necessary (except that Defendants propose two phased rounds of discovery, as set out in more detail in the Case Management Conference statement filed contemporaneously herewith).

## VI.  OTHER ORDERS [Rule 26(f)(3)(F)]

The parties request that the Court allow a procedure whereby, pursuant to stipulation and order, the page limits applicable to the class certification motion and opposition thereto and any motion for summary judgment or adjudication and opposition thereto may be altered or enlarged.

DATED: February 8, 2008

**PERKINS COIE LLP**

By: _____
Steven C. Gonzalez,

Attorneys for Defendants
California Redwood Company and Simpson Timber Company

DATED: February 8, 2008

**KINGSLEY & KINGSLEY, APC**

By: _____
Eric B. Kingsley,

Attorneys for Plaintiff
Jason Gray