```
 1  Eric Kingsley, Bar No. 185123
       ekingsley@kingsleykingsley.com
 2  KINGSLEY & KINGSLEY
    16133 Ventura Blvd., Suite 1200
 3  Encino, CA 91436
    Telephone: 818.990.8300
 4  Facsimile: 818.990.2903

 5  Attorneys for Plaintiff
    JASON GRAY
```

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON GRAY, on behalf of himself and others similarly situated,<br><br>             Plaintiff,<br><br>v.<br><br>CALIFORNIA REDWOOD COMPANY; SIMPSON TIMBER COMPANY; and DOES 1 to 50, Inclusive,<br><br>             Defendants. | Case No. 3:07-cv-05589 (CRB)<br><br>SECOND AMENDED CLASS ACTION COMPLAINT FOR:<br><br>1. Failure to Provide Meal Breaks Under Labor Code §226.7<br><br>2. Penalties Pursuant to Labor Code §203<br><br>3. Penalties Pursuant to Labor Code §2699<br><br>4. Violation of Business & Professions Code §17200<br><br>**(DEMAND FOR JURY TRIAL)** |

Plaintiff JASON GRAY, on behalf of himself and all others similarly situated, complain of defendants, and each of them, as follows:

SECOND AMENDED COMPLAINT
Case No. 3:07-cv-05589 (CRB)

## I. INTRODUCTION

1. This is a Class Action, pursuant to Federal Rule of Civil Procedure 23 on behalf of plaintiff and all individuals who hold or held the position of mill wrights who were paid by the hour and by, or formerly employed by CALIFORNIA REDWOOD COMPANY and/or SIMPSON TIMBER COMPANY (hereinafter referred to as "defendants"), as a millwright at the Korbel Facility within the State of California ("Class Members").

2. For at least four (4) years prior to the filing of this action and continuing to the present ("meal break liability period"), defendants have had a consistent policy of requiring Class Members within the State of California, including plaintiff, to work at least five (5) hours without an uninterrupted meal period and failing to pay such employees one (1) hour of pay at the employees' regular rate of compensation for each workday that the meal period is not provided or provided after five (5) hours, as required by California state wage and hour laws.

3. Plaintiff, on behalf of himself and all Class Members, bring this action pursuant to Labor Code §§201, 202, 203, 226.7, 512 and California Code of Regulations, Title 8, Section 11060 seeking meal breaks, penalties, injunctive and other equitable relief, and reasonable attorneys' fees and costs.

4. Plaintiff was all times relevant herein, an employee of Defendants and brings this action as a class action on behalf of himself and others similarly situated.

5. Plaintiff, on behalf of himself and all proposed Class Members, pursuant to Labor Code §2699 et. seq., seeks penalties for defendants' failure to provide meal breaks.

6. Plaintiff, on behalf of himself and all Class Members, pursuant to Business & Professions Code §§17200-17208, also seeks injunctive relief, restitution, and disgorgement of all benefits defendants enjoyed from their failure to pay proper compensation.

## II. PARTIES

A. **Plaintiffs**

7. Venue is proper in the Northern District of California, pursuant to 28 U.S.C. §1441(d), as the case was filed in the County of Alameda and this district is the division embracing the removed state action.

2

SECOND AMENDED COMPLAINT
Case No. 3:07-cv-05589 (CRB)

8. Plaintiff JASON GRAY is a resident of Washington.

9. Plaintiff and the Class Members were regularly required to work in excess of five (5) hours per day without being provided a meal period and not being compensated one (1) hour of pay at the regular rate of compensation for each workday that a meal period was not provided or provided after five (5) hours, all in violation of California labor laws, regulations, and Industrial Welfare Commission Wage Orders.

10. Defendants willfully failed to provide all wages at the termination of their employment with defendants.

**B. Defendants**

11. Defendant CALIFORNIA REDWOOD COMPANY is a Washington corporation, whose corporate mailing address is 1301 Fifth Avenue, Suite 2700, Seattle, WA 98101-2613. Defendant SIMPSON TIMBER COMPANY is a Washington corporation, whose mailing address is 917 E. 11th St., Tacoma, WA 98421. Defendants employ(ed) plaintiff and similarly situated persons within California

12. Plaintiff is informed and believes, and based thereon alleges, that each defendant acted in all respects pertinent to this action as the agent of the other defendants, carried out a joint scheme, business plan or policy in all respects pertinent hereto, and the acts of each defendant are legally attributable to the other defendants. Furthermore, defendants in all respects acted as the employer and/or joint employer of plaintiff and the Class.

### III. FACTUAL BACKGROUND

13. Plaintiff and the Class Members are, and at all times pertinent hereto, have been non-exempt employees within the meaning of the California Labor Code, and the implementing rules and regulations of the IWC California Wage Orders. Defendants hire employees who work in the position of hourly employee. The Class Members work on a regular basis without receiving proper meal breaks.

14. During the meal period liability period, plaintiff and the members of the proposed class were regularly required to work in excess of five (5) hours per day without being provided a meal period.

3

15. Defendants did not fully compensate the proposed class for defendants' failure to provide meal periods during the meal period liability period.

16. Defendants' requirement that plaintiff and the proposed class work through meal periods without paying legal compensation for failure to provide meal periods during the liability periods was willful and deliberate. Defendants' willfully failed to pay wages when each employee quit or was discharged

17. Defendants have failed to comply with Industrial Welfare Commission ("IWC") Wage Order 16-2001(7) by failing to maintain time records showing when the employee begins and ends each work period, meal periods, and total daily hours worked by itemizing in wage statements all deductions from payment of wages and accurately reporting total hours worked by plaintiff and the members of the proposed class.

18. Plaintiff and the class are covered by California Industrial Welfare Commission Occupational Wage Order No. 6-2001, California Industrial Welfare Commission in No. 6 (Title 8 Cal. Code of Reg. §§11060).

## IV. CLASS ACTION ALLEGATIONS

19. Plaintiff brings this action on behalf of himself and all others similarly situated as a Class Action pursuant to 23 of the Federal Rules of Civil Procedure. Plaintiff seeks to represent a class composed of and defined as follows:

> All persons who are employed or have been employed, and who were paid by the hour and have worked one or more shifts as a Millwright at the Korbel Mill in the State of California since four (4) years prior to the filing of this action.

20. Plaintiff reserves the right under Federal Rule of Civil Procedure 23, to amend or modify the class description with greater specificity or further division into subclasses or limitation to particular issues.

21. This action has been brought and may properly be maintained as a class action under the provisions of Federal Rule of Civil Procedure 23 because there is a well-defined community of interest in the litigation and the proposed Class is easily ascertainable.

4

SECOND AMENDED COMPLAINT
Case No. 3:07-cv-05589 (CRB)

### A. Numerosity

22. The potential members of the Class as defined are so numerous that joinder of all the members of the Class is impracticable. While the precise number of Class Members has not been determined at this time, plaintiff is informed and believes that the number of potential class members is sufficient to satisfy the numerosity requirements of Rule 23.

23. Accounting for employee turnover during the relevant periods necessarily increases this number substantially. Plaintiff alleges defendants' employment records would provide information as to the number and location of all Class Members. Joinder of all members of the proposed Class is not practicable.

### B. Commonality

24. There are questions of law and fact common to the Class that predominate over any questions affecting only individual Class Members. These common questions of law and fact include, without limitation:

(1) Whether defendants violated Labor Code §§226.7 and 512, IWC Wage Order 16-2001, or other applicable IWC Wage Orders by failing to provide meal periods on days they worked in excess of five (5) hours and failing to compensate said employees one (1) hours wages in lieu of meal periods;

(2) Whether defendants violated §§201-203 of the Labor Code by failing to pay compensation due and owing at the time that any Class Member's employment with defendants terminated;

(3) Whether defendant violated §2699 *et seq.* of the Labor Code by engaging in the acts previously alleged;

(4) Whether defendants violated §17200 *et seq.* of the Business & Professions Code by engaging in the acts previously alleged;

(5) Whether plaintiff and the members of the class are entitled to equitable relief pursuant to Business & Professions Code §17200, et. seq.

## C. Typicality

25. The claims of the named plaintiff are typical of the claims of the class. Plaintiff and all members of the class sustained injuries and damages arising out of and caused by defendants' common course of conduct in violation of laws, regulations that have the force and effect of law and statutes as alleged herein.

## D. Adequacy of Representation

26. Plaintiff will fairly and adequately represent and protect the interests of the members of the class. Counsel who represents plaintiff is competent and experienced in litigating large employment class actions.

## E. Superiority of Class Action

27. A class action is superior to other available means for the fair and efficient adjudication of this controversy. Individual joinder of all Class Members is not practicable, and questions of law and fact common to the Class predominate over any questions affecting only individual members of the Class. Each member of the class has been damaged and is entitled to recovery by reason of defendants' illegal policy and/or practice of denying class members meal periods.

28. Class action treatment will allow those similarly situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system. Plaintiffs are unaware of any difficulties that are likely to be encountered in the management of this action that would preclude its maintenance as a class action.

## V. FIRST CAUSE OF ACTION
## FAILURE TO PROVIDE MEAL BREAKS
## PURSUANT TO LABOR CODE §226.7

29. Plaintiff incorporates paragraphs 1 through 28 as though fully set forth herein.

30. Labor Code §226.7 requires an employer to pay an additional hour of compensation for each meal period the employer fails to provide. Employees are entitled to a meal period of a least thirty (30) minutes per five (5) hour work period. Plaintiff and the Class consistently worked over five (5) hour shifts. Pursuant to the Code, plaintiff and the Class are

entitled to a meal period of not less than thirty (30) minutes prior to exceeding five (5) hours of employment.

31. Defendants failed to provide plaintiff and other Class Members with timely meal breaks of not less than thirty (30) minutes as required by the Labor Code during the relevant class period.

32. Pursuant to Labor Code §226.7, plaintiff is entitled to damages in an amount equal to one (1) hour of wages per missed meal break, as well as attorneys' fees and costs under Labor Code §218.5, in a sum to be proven at trial.

## VI. SECOND CAUSE OF ACTION
## WAITING TIME PENALTIES UNDER LABOR CODE §203

33. Plaintiff incorporates paragraphs 1 through 32 as though fully set forth herein.

34. Numerous members of the class including the plaintiff are no longer employed by defendants. They were either fired or quit defendants employ.

35. The defendant's failure to pay wages, as alleged above was willful in that defendants and each of them knew wages to be due but failed to pay them, thus entitling plaintiff and the class to penalties under Labor Code §203, which provides that an employee's wages shall continue as a penalty until paid for a period of up to thirty (30) days from the time they were due.

36. Defendants have failed to pay plaintiff and others a sum certain at the time of termination or within seventy-two (72) hours of their resignation, and have failed to pay those sums for thirty (30) days thereafter. Pursuant to the provisions of Labor Code §203, plaintiff is entitled to a penalty in the amount of plaintiff's and others daily wage multiplied by thirty (30) days.

## VII. THIRD CAUSE OF ACTION
## PENALTIES PURSUANT TO LABOR CODE §2699

37. Plaintiff incorporates paragraphs 1 through 36 as though fully set forth herein.

38. As a result of the acts alleged above, Plaintiff seeks penalties under the Labor Code §§2698, 2699 because of Defendant's violation of Labor Code §§203 and 226.7 which call for civil penalties.

7

39. For each such violation, Plaintiff and the proposed class are entitled to penalties in an amount to be shown at the time of trial subject to the following formula:

    a. For $100 for the initial violation per employee per pay period;

    b. For $200 for each subsequent violation per employee per pay period.

40. These penalties shall be allocated seventy-five percent (75%) to the Labor and Workforce Development Agency ("LDWA") and twenty-five percent (25%) to the affected employees.

41. Plaintiff sent a certified letter to the LDWA and Defendants as prescribed by the Code postmarked November 29, 2007. The LDWA replied by letter dated January 7, 2008 informing the parties that it does not intend to investigate the alleged violations of the Labor Code. Therefore, under Labor Code §2699.3(a)(2)(a), plaintiff may proceed and file a complaint for penalties to Labor Code §2699.

## VIII. FOURTH CAUSE OF ACTION
## UNFAIR COMPETITION PURSUANT TO
## BUSINESS & PROFESSIONS CODE §17200

42. Plaintiff incorporates paragraphs 1 through 41 as though fully set forth herein.

43. This is a Representative Private Attorney General Action and Class Action for Unfair Business Practices. JASON GRAY on his own behalf and on behalf of the general public, and on behalf of others similarly situated, brings this claim pursuant to Business & Professions Code §17200, *et seq.* The conduct of all defendants as alleged in this Complaint has been and continues to be unfair, unlawful, and harmful to plaintiff, the general public, and the class. Plaintiff seeks to enforce important rights affecting the public interest within the meaning of Code of Civil Procedure §1021.5.

44. Plaintiff is a "person" within the meaning of Business & Professions Code §17204, and therefore has standing to bring this cause of action for injunctive relief, restitution, and other appropriate equitable relief.

45. Business & Profession Code §17200, *et seq.* prohibits unlawful and unfair business practices.

46. Wage and hour laws express fundamental public policies. Providing employees with proper compensation is a fundamental public policy of this State and of the United States. Labor Code §90.5(a) articulates the public policies of this State to enforce vigorously minimum labor standards, to ensure that employees are not required or permitted to work under substandard and unlawful conditions, and to protect law-abiding employers and their employees from competitors who lower their costs by failing to comply with minimum labor standards.

47. Defendants have violated statutes and public policies. Through the conduct alleged in this Complaint, defendants, and each of them, have acted contrary to these public policies, have violated specific provisions of the Labor Code, and have engaged in other unlawful and unfair business practices in violation of Business & Profession Code §17200, *et seq.*, depriving plaintiff, and all persons similarly situated, and all interested persons of rights, benefits, and privileges guarantees to all employees under law.

48. Defendants' conduct, as alleged hereinabove, constitutes unfair competition in violation of §17200 et. seq. of the Business & Professions Code.

49. Defendants by engaging in the conduct herein alleged, by not providing proper compensation, either knew or in the exercise of reasonable care should have known that the conduct was unlawful. As such it is a violation of §17200 et. seq. of the Business & Professions Code.

50. As a proximate result of the above mentioned acts of defendants, plaintiff and others similarly situated have been damaged in a sum as may be proven.

51. Unless restrained by this Court, defendants will continue to engage in the unlawful conduct as alleged above. Pursuant to Business & Professions Code this Court should make such orders or judgments, including the appointment of a receiver, as may be necessary to prevent the use or employment, by defendants, their agents or employees, of any unlawful or deceptive practice prohibited by the Business & Professions Code, and/or, including but not limited to, disgorgement of profits which may be necessary to restore plaintiff and the class members to the money defendants have unlawfully failed to pay.

## RELIEF REQUESTED

WHEREFORE, plaintiff prays for the following relief:

1. For compensatory damages in the amount of plaintiff's and each class member's hourly wage for each meal period missed or taken late from at least four (4) years prior to the filing of this action to the present as may be proven;

2. For penalties pursuant to Labor Code §203 for all employees who were terminated or resigned equal to their daily wage times thirty (30) days;

3. An award of prejudgment and post judgment interest;

4. An order enjoining defendant and its agents, servants, and employees, and all persons acting under, in concert with, or for it from providing plaintiffs with proper breaks pursuant to Labor Code §§226.7, 512, and IWC 16-2001;

5. For penalties and other relief pursuant to Labor Code §2699;

6. For restitution for unfair competition pursuant to Business & Professions Code §17200, including disgorgement or profits, in an amount as may be proven;

7. An award providing for payment of costs of suit;

8. An award of attorneys' fees; and

9. Such other and further relief as this Court may deem proper and just.

DEMAND FOR JURY TRIAL

Plaintiff hereby demands trial of his claims by jury to the extent authorized by law.

DATED: June 24, 2008

By: _____
Eric B. Kingsley

Attorneys for Plaintiff
JASON GRAY

39733-0026/LEGAL14393760.1